Charles E. HUFF, Jr., Plaintiff—Appellant,

v.

ADIDAS AMERICA; et al., Defendants—Appellees.

No. 04–35818.
D.C. No. CV–03–00526–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 12, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

 R.App. P. 34(a)(2).

Charles E. Huff, Jr., Portland, OR, pro se.

Timothy R. Volpert, Davis Wright Tremaine, LLP, Portland, OR, Sheehan Sullivan, Davis Wright Tremaine, LLP, Bellevue, WA, Jenna L. Mooney, Davis Wright Tremaine LLP, Seattle, WA, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM**

Charles E. Huff, Jr. appeals pro se the district court's summary judgment in favor of his former employer, adidas America, Inc. ("Adidas"), in his Title VII action alleging that Adidas discriminated against him because of his race, maintained a hostile work environment, retaliated against him when he claimed that his termination was racially motivated, defamed him, wrongfully terminated him, and breached an employment contract. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

■ The district court did not err when it granted summary judgment on Huff's disparate treatment claim because Huff failed to show that he performed his job satisfactorily and therefore failed to make a prima facie case. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Even if Huff had made a prima facie case, Adidas articulated a legitimate nondiscriminatory reason for its employment decision and Huff failed to demonstrate that Adidas' proffered reason was pretextual. *See Wallis*, 26 F.3d at 889. Similarly, Huff's disparate impact claim failed because he did not identify an employment practice by Adidas that has a significantly discriminatory impact upon a group protected by Title VII. *See Paige v. California*, 291 F.3d 1141, 1144 (9th Cir.2002). Because Huff's discrimination claims failed, his wrongful termination claim, which he based on the same facts, necessarily failed. *See Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wash.2d 355, 753 P.2d 517, 523 (1988).

■ Huff's hostile work environment claim failed because he did not allege any overt racial statements or acts, conceded that many of his employer's complaints about his performance were justified, and did not allege conduct by his employer that was "sufficiently severe or pervasive to . . .

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

create an abusive working environment." *Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Huff's inference of discriminatory intent is, without specific evidence, insufficient to defeat summary judgment. *See Forsberg v. Pacific Northwest Bell Tel. Co.,* 840 F.2d 1409, 1419 (9th Cir.1988).

■ Huff's retaliation claim failed because Adidas stated legitimate reasons why it declined to re-hire him in a subordinate position at the store he previously managed. *See Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000).

■ Huff's defamation claim failed because he did not establish that any of the communications by Adidas employees were published rather than privileged intracorporate communications. *See Doe v. Gonzaga Univ.,* 143 Wash.2d 687, 24 P.3d 390, 397 (2001), *rev'd on other grounds,* 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002).

Huff's remaining contentions, including those regarding breach of contract and the assignments of error, are also without merit.

We grant Huff's motion to file a late reply brief and order the clerk to file the reply brief received on January 27, 2005. We deny Huff's motion to present new evidence.

**AFFIRMED.**